IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| SHELIA WALLACE<br>　　Plaintiff<br><br>v.<br><br>HIPPO INSURANCE SERVICES,<br>SPINNAKER INSURANCE<br>COMPANY and CHRISTOPHER<br>JONES<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　CASE NO. 1:23-CV-24<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION ON DISMISSAL FOR WANT OF PROSECUTION

This case is assigned to the Honorable Michael Truncale, United States District Judge, and was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to General Order 05-07. The case was removed on January 20, 2023, to the Eastern District of Texas, Beaumont Division from 128th District Court, Orange County, Texas. The clerk's office mailed the Notice of Case Assignment and Consent to Proceed Before U.S. Magistrate to Plaintiff on January 23, 2023. The court records indicate that the notice and consent mailed to the Plaintiff were returned as "undeliverable forwarding order has expired." (Doc.# 8.) The record further indicates that the notice and consent were remailed to 1532 Woodland Drive, Pittsburg, CA 94565, the address listed by the U.S. Post Office as the forwarding address.

On February 28, 2023, the court entered an Order Setting Civil Actions for Rule 16 Management Conference (doc. #9) by certified mail return receipt. According to the U.S. Post Office the order was unclaimed and was returned. On March 31, 2023, the undersigned issued a

Notice of Impending Dismissal advising Plaintiff to provide the court with a proper mailing address and telephone number no later than **April 30, 2023**. The notice advised Plaintiff that failure to comply or advise the court of proper contact information for the Plaintiff could result in dismissal of her case.

The court emailed the notice to Plaintiff at wallaceshelia@yahoo.com. The court also mailed the notice, by regular and certified mail, to Plaintiff at 211 N. Farragut Ave. Orange, Texas 77630, 1532 Woodlands Drive, Pittsburg, CA 94565 and 689 Stone Harbor Drive, Pittsburg, CA 94565. The mail sent to Orange Texas was returned noting a forwarding address on Woodlands Drive, Pittsburg, CA. The certified mail sent to the Woodlands Drive address was returned as "unclaimed." According to the U.S. Postal Service website, the certified mail sent to the Stone Harbor address was unclaimed and is being returned to the court. The regular mail sent to Woodlands Drive and Stone Harbor has not been returned.

To date, Plaintiff has not advised the court of a proper address or telephone number by which to contact Plaintiff. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

As of this date, Plaintiff has failed to comply as ordered and has wholly failed to provide the court with proper contact information. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed, without prejudice, for want of prosecution pursuant to FED. R. CIV. P. 41(b).

### Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

### Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 1st day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE